UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 4:19-CR-147 |
| CYRUS ALLEN AHSANI, and | : | (Hon. Andrew S. Hanen) |
| SAMAN AHSANI, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MOTION OF MEDIA INTERVENORS TO UNSEAL SENTENCING MEMORANDA
(ECF NOS. 115, 116)**

The Financial Times Ltd. (hereinafter, "The Financial Times"), publisher of the *Financial Times*, Global Investigations Review, and The Guardian (collectively, "Media Intervenors"), respectfully submit this Motion to Unseal Sentencing Memoranda (ECF Nos. 115, 116). Counsel for Media Intervenors contacted counsel for the government and Saman Ahsani to confer about this Motion. Counsel for Saman Ahsani has stated he opposes the relief sought by this Motion; counsel for the government did not respond. Accordingly, counsel cannot agree about the disposition of this Motion. In support of their Motion, Media Intervenors state as follows:

**PROCEDURAL HISTORY AND STATEMENT OF FACTS**

In the above-captioned criminal case, defendants Cyrus Allen Ahsani and Saman Ahsani, both citizens of the United Kingdom, each pleaded guilty to one count of conspiracy to violate the Foreign Corrupt Practices Act. The case involves allegations that, in their former roles as

executives of a Monaco-based energy consultancy, the Ahsanis engaged in a decades-long scheme of corruption and bribery involving officials in multiple countries. ECF No. 83-1.

Media Intervenors have been reporting on the above-captioned case since its inception, for audiences throughout the United States and around the world. On June 19, 2020, Media Intervenors moved to intervene in this action for the limited purpose of unsealing certain sealed judicial records and proceedings. ECF No. 66. On July 28, 2020, the Court granted Media Intervenors' motion to intervene, ordered that the sealed judicial records be unsealed except for limited redactions to certain documents and one document which would remain under seal, and further ordered that Media Intervenors and the public would receive notice of and access to future proceedings in this case, including the defendants' sentencings. ECF No. 83.

The sentencing of defendant Saman Ahsani is scheduled to occur on January 30, 2023. ECF Nos. 105, 117. In advance of his sentencing, Saman Ahsani filed a sealed statement of no objections to the presentence report on January 6. ECF No. 113. On January 20, the government filed a sealed sentencing memorandum. ECF No. 115. Saman Ahsani filed his own sealed sentencing memorandum on January 23. ECF No. 116. On January 24, at 11:22 AM CST, counsel for Saman Ahsani filed a "sealed event." ECF No. 118. Now, for the reasons set forth in their Memorandum of Law in Support of Motion to Intervene and Unseal Judicial Records, ECF No. 66-1, and herein, Media Intervenors hereby request that the parties' sentencing memoranda, ECF Nos. 115 and 116, be unsealed.[1]

---

[1] Sentencing memoranda are distinct from presentence reports. *See In re Hearst Newspapers, LLC*, 641 F.3d 168, 181 n.14 (5th Cir. 2011). Media Intervenors do not seek to unseal Saman Ahsani's presentence report. Additionally, to the extent Saman Ahsani's January 24 filing, ECF No. 118, pertains to sentencing or this motion to unseal, it should also be unsealed.

**STATEMENT OF ISSUES INVOLVED AND STANDARD OF REVIEW**

1. Should the sealed sentencing memoranda be unsealed in their entirety—or with, at most, only limited redactions necessitated by a compelling interest—pursuant to the First Amendment and/or common law right of access?

   Standard of review: Documents filed in connection with sentencing proceedings, including sentencing memoranda, are presumptively open to the public under the First Amendment and the common law. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *United States v. Kravetz*, 706 F.3d 47, 56–57 (1st Cir. 2013); *In re Hearst Newspapers*, 641 F.3d at 176; *United States v. Harris*, 204 F. Supp. 3d 10, 15 (D.D.C. 2016); *United States v. Raybould*, 130 F. Supp. 2d 829, 833 (N.D. Tex. 2000). Proceedings and documents to which the public's qualified First Amendment right of access applies may be closed or sealed only if—and only to the extent—such closure or sealing is necessary to serve a compelling government interest. *Press-Enter. Co. v. Superior Court* (*Press-Enterprise I*), 464 U.S. 501, 510 (1984). Where only the common law presumption of access applies, district courts have discretion to seal judicial records, but such discretion "is to be exercised charily" and only after considering the public's interest in access. *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987).

## ARGUMENT

I. **Media Intervenors and the public have both a constitutional and common law right of access to the sealed sentencing memoranda.**

   A. **The First Amendment creates a strong presumptive right of access to sentencing memoranda.**

The press and public have both a constitutional and common law right of access to criminal sentencing proceedings and related court documents.[2] The Fifth Circuit has "conclude[d], as have the other courts that have considered this question, that the public and press have a First Amendment right of access to sentencing proceedings." *In re Hearst Newspapers*, 641 F.3d at 176–77. Sentencing proceedings satisfy the Supreme Court's "two-part test for determining whether there is a First Amendment right of access to a particular criminal proceeding." *Id.* at 175 (citing *Press-Enter. Co. v. Superior Court* (*Press-Enterprise II*), 478 U.S. 1, 8–9 (1986)). First, they "have historically been open to the press and public." *Id.* at 177 (citing *United States v. Alcantara*, 396 F.3d 189, 197 n.7 (2d Cir. 2005)). Second, "public access plays a 'significant positive role,' in a sentencing hearing." *Id.* at 179 (quoting *Press-Enterprise II*, 478 U.S. at 8–9). Just as open trials curtail the "'possible abuse of judicial power,'" openness in the sentencing context "'operates to check any temptation that might be felt by either the prosecutor or the court . . . to seek or impose an arbitrary or disproportionate sentence.'" *Id.* at 179 (first quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 596 (1980); then quoting *In re Wash. Post Co.*, 807 F.2d 383, 389 (4th Cir. 1986)). Open sentencing proceedings also bolster public confidence in the justice system by "allow[ing] the public to observe whether the defendant is being justly sentenced, especially where the court, rather than a jury, is

---

[2] For the convenience of the Court and the parties, Media Intervenors hereby incorporate by reference the arguments set forth in their Motion to Intervene and Unseal and supporting memorandum, which describe the right of access in further detail. ECF Nos. 66, 66-1.

4

determining the sentence." *Id.* at 179–80 (citing *United States v. Eppinger*, 49 F.3d 1244, 1253 (7th Cir. 1995)). Additionally, openness "promotes more accurate fact-finding," contributes "to an informed public debate over [sentencing] laws," and "provid[es] an outlet for community concern, hostility, and emotion." *Id.* at 180 (citations and internal quotation marks omitted). "The First Amendment right of access to a sentencing proceeding is especially salient in this case, where, as in the vast majority of criminal cases, there was no trial, but only a guilty plea." *Id.* at 177 (citing *Alcantara*, 396 F.3d at 199).

For these same reasons, "courts of appeals have also recognized a First Amendment right of access to documents filed for use in sentencing proceedings." *Id.* at 176 (collecting cases). "[S]entencing memoranda historically have been open to the press and general public," and "public access to sentencing memoranda plays a significant and positive role in the functioning of" sentencing, for the same reasons as access to the proceedings themselves. *Harris*, 204 F. Supp. 3d at 15; *see also United States v. Stier*, No. 17-CR-54, 2018 WL 1787888, at *3 (S.D. W. Va. Apr. 13, 2018); *United States v. Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008). Indeed, "[t]he defendant, the government and the public all have a right to know what information influences a judicial assessment of reasonable punishment." *United States v. Strevell*, No. 05-CR-477, 2009 WL 577910, at *4 (N.D.N.Y. Mar. 4, 2009). In addition, courts have held that access to sentencing memoranda is protected by the First Amendment as "an essential corollary to the" public's right to attend the "sentencing proceedings" themselves. *United States v. Rainiere*, No. 18-CR-204, 2021 WL 4522298, at *4 (E.D.N.Y. Oct. 4, 2021).

Where, as here, the First Amendment right of access applies, sealing is proper *only* if and *only* to the extent it is shown to be necessitated by a compelling government interest. And where such a compelling interest is shown, sealing must be narrowly tailored; it can be no broader than

necessary to serve that compelling interest. *Press-Enterprise I*, 464 U.S. at 510; *In re Hearst Newspapers*, 641 F.3d at 181. Thus, to close a proceeding or seal a judicial record to which the First Amendment right applies the court must set forth written findings demonstrating that such closure or sealing is necessary, including an explanation as to why less-restrictive alternatives to such closure or sealing would not suffice. *Press-Enterprise I*, 464 U.S. at 510; *In re Hearst Newspapers*, 641 F.3d at 181; *United States v. Hitt*, 473 F.3d 146, 154 (5th Cir. 2006) (emphasizing that court must consider reasonable alternatives to closure).

### B. The press and public also have a qualified common law right of access to sentencing memoranda.

Media Intervenors also have a presumptive common law right of access to the sealed sentencing memoranda. In general, "the public has a common law right to inspect and copy judicial records." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Warner Commc'ns, Inc.*, 435 U.S. at 597). The Fifth Circuit has applied the common law right of access to a wide range of documents created by or filed with the courts. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021); *Bradley v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020); *Van Waeyenberghe*, 990 F.2d at 848–49. As "judicial records" filed with and relied upon by the trial court, sentencing memoranda are likewise entitled to the common law presumption of access. *See Kravetz*, 706 F.3d at 56; *United States v. Chang*, 47 F. App'x 119, 123 (3d Cir. 2002); *United States v. Shaffer*, No. 21-CR-76, 2021 WL 4255617, at *2 (S.D. W. Va. Sept. 17, 2021) ("Courts addressing this issue consistently hold that sentencing memoranda should not be kept under seal because the documents are 'judicial records' and, absent unusual circumstances, do not contain the type of information that typically outweighs the public's right of access."); *Harris*, 204 F. Supp. 3d at 16; *United States v. Kushner*, 349 F. Supp. 2d 892, 905 (D.N.J. 2005); *Dare*, 568 F. Supp. 2d at 244; *Raybould*, 130 F. Supp. 2d at 833.

As the Fifth Circuit has explained, like the constitutional access right, the common law right "promote[s] the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness." *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017) (citing *Van Waeyenberghe*, 990 F.2d at 849). "These salutary effects . . . also serve to support public access to sentencing memoranda," which "bear directly on criminal sentencing in that they seek to influence the judge's determination of the appropriate sentence." *Kravetz*, 706 F.3d at 56–57. "If those aspects of a criminal case were to be kept secret, the public and the press would have reason to question the trustworthiness of the judicial process and whether judicial and prosecutorial abuses might be occurring." *Raybould*, 130 F. Supp. 2d at 833. Sealing a sentencing memorandum also threatens to create significant downstream effects. "[A]t the sentencing hearing, which will be open to the public, the Court will likely ask . . . counsel to elaborate upon the arguments made in the memorandum," such that sealing it "would have the Court effectively impose upon itself and all participants a gag order" regarding the document's contents, which "is neither appropriate nor logical." *Kushner*, 349 F. Supp. 2d at 905.

As explained above, both the First Amendment and common law rights of access apply to sentencing memoranda. But even assuming, *arguendo*, that *only* the common law right applied here, the sentencing memoranda still should be unsealed. As the Fifth Circuit has held, "courts should be ungenerous with their discretion to seal judicial records" under the common law. *Binh Hoa Le*, 990 F.3d at 418; *see also Blain*, 808 F.2d at 399 ("The district court's discretion to seal the record of judicial proceedings is to be exercised charily[.]"). And in determining whether records subject to the common law right should be sealed, courts must take into consideration the public's interest in access to the documents. *See Binh Hoa Le*, 990 F.3d at 419; *BP Expl. &*

7

*Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211–12 (5th Cir. 2019); *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir. 1981) (requiring courts to consider the presumption of public access as "one of the interests to be weighed on the [public's] 'side of the scales'" (quoting *Warner Commc'ns, Inc.*, 435 U.S. at 602)). The court's analysis must proceed "case-by-case, document-by-document, line-by-line," with any decision to seal a record supported by on-the-record "reasons" that are "explained at a level of detail that will allow for [appellate] review." *Binh Hoa Le*, 990 F.3d at 419 (citations and internal quotation marks omitted).

**II.  Any sealing of the sentencing memoranda—either in whole or in part—must comply with constitutional and common law requirements, and the public's right of access to the sentencing memoranda cannot be overcome in this case.**

The government's and Saman Ahsani's sealed sentencing memoranda, ECF Nos. 115 and 116, should be unsealed pursuant to the First Amendment and common law rights of access.

Under the First Amendment, the parties bear the burden of establishing that sealing of their respective sentencing memoranda is necessitated by a compelling government interest and is no broader than necessary to serve that interest. *Press-Enterprise I*, 464 U.S. at 510; *In re Hearst Newspapers*, 641 F.3d at 181. Here, though the sentencing memoranda were filed under seal, neither the government nor Saman Ahsani filed a sealing motion setting forth any justifications for sealing them, and the Court has not made any findings of any compelling interests in sealing the sentencing memoranda that override the public's strong presumptive right to inspect them.

Without any sealing motions or judicial findings, it is difficult to know why the government and Saman Ahsani filed their sentencing memoranda entirely under seal. But given the extensive information already in the public record about the government's prosecution of Saman Ahsani, neither party can plausibly claim that sealing the memoranda—let alone sealing them in their entirety—is justified. Public court filings, government documents, statements by

government officials and others, as well as media coverage in the United States and United Kingdom have revealed numerous details about Saman Ahsani's criminal prosecution and his guilty plea, including his cooperation with both governments.[3] Plainly, the public disclosure of judicial documents in a criminal case can pose no threat to the safety of cooperating witnesses and defendants, the integrity of ongoing law enforcement efforts, or the secrecy of sensitive matters affecting a criminal prosecution when the information contained in those documents, including the fact of an individual defendant's cooperation, is already well known. Simply put,

---

[3] *See, e.g.*, Declaration of Katie Townsend ("Townsend Decl.") at Ex. A, R. v. Akle [2021] EWCA (Crim) 1879 [20], [73], [76], [87], https://perma.cc/5NV4-RVDF (court opinion describing how the U.K. Serious Fraud Office dropped its prosecution against Saman and Cyrus Ahsani in exchange for their cooperation, which became part of U.S. plea agreement); Townsend Decl. at Ex. B, Applicant's Skeleton Argument, *Akle v. R.*, ¶ 59 (Sept. 30, 2021) ("The [Ahsani] sons were co-operating in the US, but had not then (and have not now) faced any punishment."); Townsend Decl. at Ex. C, Prosecution Response to Defence Application to Stay for an Abuse of Process, *R. v. Akle*, ¶ 29 (Jan. 19, 2020) (U.K. prosecution noting that Saman Ahsani had decided to "plead guilty and to co-operate with the authorities . . . in the US"); Townsend Decl. at Ex. D, *The Unaoil Bribery Scandal*, Spotlight on Corruption (Mar. 30, 2022), https://perma.cc/KBY3-N4XK; Townsend Decl. at Ex. E, Sir David Calvert-Smith, *Independent Review into the Serious Fraud Office's handling of the Unaoil Case – R v Akle & Anor*, Att'y Gen.'s Off. (July 21, 2022), at 19–20, 25–36, 70, https://perma.cc/YF5U-EDLN (describing how Saman Ahsani's "formal cooperation only commenced once he arrived in the US," that "cooperating with US and foreign law enforcement" was a condition of his plea agreement, and that "[p]ermission was granted by the US courts to reveal the fact of the Ahsanis' . . . cooperation status [] on 13th September 2019"); Townsend Decl. at Ex. F, Adam Dobrik, *Divisive, Zealous and Connected: The Investigator Behind the Ahsanis' US Deal*, Global Investigations Rev. (Nov. 12, 2021), https://perma.cc/TS9X-ANWX (quoting former Drug Enforcement Agency agent as saying Saman Ahsani may avoid prison time in the United States due to his "spectacular" level of cooperation, and Justice Department lawyers' saying that U.K. prosecutors had made "the fact of Mr Ahsani's co-operation with the US authorities public").

The Court may take judicial notice of the fact that these U.K. court filings and other documents have discussed, among other things, Saman Ahsani's cooperation, as a matter that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 411 (6th Cir. 2006) (holding that district court may take judicial notice of foreign criminal court documents); *Lee v. Lee*, No. 19-CV-8814, 2022 WL 18278434, at *3 (C.D. Cal. Dec. 1, 2022) (taking judicial notice of foreign court documents and citing cases doing same).

any individuals or entities involved in the corruption scheme who have not yet settled or been charged (as many have) are already aware of Saman Ahsani's cooperation with the government, and have no doubt already increased their efforts to avoid government detection because of the public disclosure of Saman Ahsani's prosecution and his cooperation.

For these reasons, in *Washington Post v. Robinson*, the D.C. Circuit held that the plea agreement of a cooperating witness must be unsealed when the fact of the witness's cooperation "was already within the public knowledge," as "it could hardly have posed any additional threat to the ongoing criminal investigation" nor "any extra threat to the safety of [the cooperating witness] and his family." 935 F.2d 282, 291–92 (D.C. Cir. 1991). Similarly, in *CBS, Inc. v. United States District Court*, the Ninth Circuit held that a cooperating witness's motion to reduce his sentence and the government's response could not be filed under seal in part because "most of the information the government seeks to keep confidential concerns matters that might easily be surmised from what is already in the public record." 765 F.2d 823, 825 (9th Cir. 1985); *see also, e.g.*, *Oregonian Publ'g Co. v. U.S. District Court*, 920 F.2d 1462, 1467 (9th Cir. 1990) (reversing trial court's decision to seal plea agreement and related documents because "[t]here was no evidentiary support for" its theory that "because the agreement contemplated [defendant's] cooperation with the government, [he] would be in danger if the court disclosed the terms of the plea agreement"). Other federal courts have reached the same conclusion in similar circumstances. *See United States v. Huntley*, 943 F. Supp. 2d 383, 387 (E.D.N.Y. 2013) (holding that sentencing memorandum in public corruption trial must be unsealed where government's investigation and defendant's cooperation were "well known" and had been reported in the press); *Vance v. Wilson*, No. 10-CV-300, 2011 WL 3794380, at *1 (E.D. Ky. Aug. 25, 2011) (holding that sealing motion for downward departure for substantial assistance was improper in

10

part because public court filings referenced cooperation); *Strevell*, 2009 WL 577910, at *6 (refusing to maintain under seal documents referring to defendant's cooperation generally where the fact of his cooperation was public knowledge); *United States v. James*, 663 F. Supp. 2d 1018, 1021 (W.D. Wash. 2009) (holding that where fact of defendant's cooperation was "publicly available, no purpose would be served by sealing those portions of the documents"); *United States v. Hirsh*, No. 03-CR-58, 2007 WL 1810703, at *3 (E.D. Pa. June 22, 2007) (unsealing sentencing memorandum where fact of cooperation was known and there was no evidence of safety risks from disclosure).

Finally, because Saman Ahsani's sentencing hearing will be open to the public, the parties will presumably discuss their recommendations for his sentence, and the reasoning behind those recommendations, at that hearing. For that reason too, sealing the memoranda in their entirety cannot be justified. *See Kushner*, 349 F. Supp. 2d at 905; *James*, 663 F. Supp. 2d at 1021. In sum, because the parties have not (and could not) demonstrate that a compelling interest necessitates the sealing of their sentencing memoranda, either in whole or in part, they should be unsealed pursuant to the First Amendment.

The common law standard for sealing, too, cannot be met by the parties, and provides a separate, independent basis for unsealing the sentencing memoranda. *See Binh Hoa Le*, 990 F.3d at 418–19; *Van Waeyenberghe*, 990 F.2d at 848. The Fifth Circuit has instructed that, under the common law, "courts should be ungenerous with their discretion to seal judicial records" and must consider the public's interest in accessing the records at issue. *Binh Hoa Le*, 990 F.3d at 418. The public interest in this case, which centers on an international bribery scheme involving one of the world's most profitable industries, several foreign governments, and numerous major corporations, is substantial. There is significant public interest in the sentencing memoranda,

11

specifically, as they aim to influence the sentence Saman Ahsani—a person at the very heart of the scheme—will receive, and the factors the Court will consider in setting it.  To the extent, for example, the memoranda recommend a reduced sentence, "[t]he public has a vital interest in knowing the details of deals made between the government and criminal defendants that accomplish, or have the potential to bring about, lower punishment than otherwise contemplated by law."  *Raybould*, 130 F. Supp. 2d at 833.  "Few things would cause the public to be more suspicious of our system of criminal justice than to have secret proceedings that lead to special sentencing treatment for select criminal defendants."  *Id.*  For these reasons too, the sentencing memoranda should be unsealed.

**III.     To the extent continued sealing of any part of the sentencing memoranda is necessary, such sealing must be narrowly tailored and supported by specific, on-the-record findings.**

If the Court finds that a compelling government interest necessitates the continued sealing of any portion of the parties' sentencing memoranda, any such restrictions on public access may be no greater than necessary to serve that interest.  *See Press-Enterprise I*, 464 U.S. at 510.  Less restrictive alternatives should be used when possible, including redaction in lieu of wholesale sealing.  *See id.*; *Binh Hoa Le*, 990 F.3d at 419 n.38; *Hitt*, 473 F.3d at 154.  Further, any sealing must be supported by specific, on-the-record factual findings sufficient to allow a reviewing court to determine whether the sealing was proper.  *See Press-Enterprise I*, 464 U.S. at 510; *Sealed Search Warrants*, 868 F.3d at 397 n.5.

## CONCLUSION

For the foregoing reasons, and those set forth in their Motion to Intervene and Unseal Judicial Records and supporting memorandum, Media Intervenors respectfully request that the Court enter an order requiring the Clerk of the Court to immediately unseal the government's and Saman Ahsani's sealed sentencing memoranda, ECF Nos. 115 and 116, in their entirety or

with, at most, only limited redactions necessitated by a compelling interest and narrowly tailored to that interest.

Dated: January 24, 2023 　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ Katie Townsend*
　　　　　　　　　　　　　　　　　　Katie Townsend
　　　　　　　　　　　　　　　　　　REPORTERS COMMITTEE FOR
　　　　　　　　　　　　　　　　　　　FREEDOM OF THE PRESS
　　　　　　　　　　　　　　　　　　1156 15th St. NW, Suite 1020
　　　　　　　　　　　　　　　　　　Washington, D.C. 20005
　　　　　　　　　　　　　　　　　　(202) 795-9300
　　　　　　　　　　　　　　　　　　ktownsend@rcfp.org

　　　　　　　　　　　　　　　　　　*Counsel for Media Intervenors*

**CERTIFICATE OF CONFERENCE**

I certify that I contacted Suzanne Elmilady, Dennis Kihm, Gerald Moody, Gwendolyn Stamper, and Jonathan Robell, counsel for the United States in this matter, and Jennifer McCoy and Paul Coggins, counsel for defendant Saman Ahsani, via e-mail on the morning of January 24, 2023, to ascertain their clients' positions on the relief sought by this Motion. On January 24, 2023, I received an email from counsel for Saman Ahsani stating that he opposes the relief sought by this Motion. Counsel for the government did not respond.

*/s/ Katie Townsend*
Katie Townsend
*Counsel for Media Intervenors*

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was electronically filed on January 24, 2023. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Katie Townsend*
Katie Townsend
*Counsel for Media Intervenors*
